FILED

UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

2016 APR 18 PM 3:55

U.S. DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO, FLORIDA

LOYD P. CADWELL
Individually and on behalf of All Others
Similarly Situated,
        Plaintiffs,
v

Case No. 6:16cv-662-O-1-40 KRS

KAUFMAN, ENGLETT &LYND, PLLC
        Defendant.
_____/

## CLASS ACTION COMPLAINT

LOYD P. CADWELL ("CADWELL" or "Plaintiff"), individually and on behalf of all others similarly situated, sues the Defendant, KAUFMAN, ENGLETT & LYND, PLLC ("KEL" or "Defendant") and states:

### INTRODUCTION

1. This is an action for damages filed by the PLAINTIFF pursuant to 11 U.S.C. § 526 of the Bankruptcy Code.

2. This action is also filed for injunctive relief to prohibit future violations of the Bankruptcy Code by the Defendant.

### JURISDICTION AND VENUE

3. Jurisdiction of the Court arises under and 28 U.S.C. § 1331. The Case involves the application of laws of the United States, namely, the Bankruptcy Code of Title 11, United States Code.

4. Venue in this district is proper in that the Plaintiff resides in Orange County, FL and the violations described below occurred in Orange County, FL.

1

## PARTIES

5. The Plaintiff in this case is the potential debtor under Chapter 7 of Title 11 of the United States Code. The Plaintiff is an assisted person as defined by 11 U.S.C. §101(3).

6. The Defendant, KEL is a law firm headquartered at 150 N. Orange Ave., #100, Orlando, FL. KEL is a debt relief agency as defined by 11 U.S.C. §101(12A).

## FACTS COMMON TO ALL COUNTS

7. CADWELL consulted with KEL regarding filing his Chapter 7 Bankruptcy Petition on or about January 4, 2016.

8. Prior to the filing of the Chapter 7 Petition, CADWELL entered in a "Bankruptcy Chapter 7 Retainer Agreement" with KEL on January 4, 2016. A copy of the retainer agreement is attached as Exhibit 1.

9. The retainer agreement contained a provision for payment of $1,700.00 attorney's fees which were due prior to the filing of the Chapter 7 case.

10. The payment schedule demanded by KEL was an initial retainer of $250.00 on the date of retention, $250.00 due on 1/14/2016 and then four (4) payments of $300.00 per month due from 2/14/2016 to 5/15/2016. KEL instructed CADWELL to pay the initial retainer and all subsequent payments by credit card. CADWELL paid the first payment of $250.00 by using a BJ's Perks credit card. See attached Exhibit 2 Composite BJ's Perks Credit Card Account 1/4/2016 activity.

11. After the initial retainer had been charged to the BJ's Credit Card, KEL continued to charge CADWELL's credit cards. The credit card charges were incurred on January 14, 2016 (BJ's Card Composite Exhibit 2) and February 14, March 14, 2016 on the Discover Credit Card of CADWELL (Discover Card Composite Exhibit 2). The charges on the

credit card by KEL were made for the express purpose of paying the fees and charges for services performed as part of preparing for or representing a debtor in a Chapter 7 case. The charges by KEL also served to cause CADWELL to incur more debt in contemplation of filing the Chapter 7 case based strictly on the advice of KEL to CADWELL.

12. CADWELL has now retained a new attorney for the purposes of filing Chapter 7. That Chapter 7 case will be filed shortly upon completion of all necessary paperwork required.

## CLASS REPRESENTATION ALLEGATIONS

13. Pursuant to Bankr.R.Civ.P. 23(b)(2) and (b)(3), CADWELL brings this action on behalf of himself and all others similarly situated.

14. The Class is defined as any who satisfy the following criteria:

   a. The Class Member retained KEL using the "Bankruptcy Chapter 7 Retainer Agreement" or a substantially similar document with the intent of filing of a Chapter 7 case in the Middle District of Florida;

   b. KEL collected Chapter 7 retainer fees from the prospective debtor(s) through the charging of a credit/charge card which served to cause the prospective debtor(s) to incur more debt prior to the potential filing of the Chapter 7;

   c. The Class period would include all active Chapter 7 cases and any prospective assisted person or assisted person who had signed a "Bankruptcy Chapter 7 Retainer Agreement" within the past four (4) years prior to filing of the original Complaint in this proceeding and ends when this Court issues an Order Approving Class Notice.

15. CADWELL is unable to state the exact number of Class Members because that

information is solely in the possession of KEL. However, the exact number of class members including the names and addresses of all class members, will be easily ascertained through a review of KEL's business records. Upon information and belief, the putative Class exceeds several hundred Florida Consumers. KEL routinely files hundreds of Chapter 7 bankruptcy cases per year. Therefore, the putative Class is so numerous that joinder of all members would be impracticable.

16. With Respect to the actions of KEL, questions of law and fact common to the Class exist and predominate over questions affecting individual members, including *inter alia*, the following: The principal issues raised by this claim are whether KEL's charging of a credit card which causes a prospective debtor to incur more debt prior to filing Chapter 7 for the purpose of paying for attorney services violates the provisions of 11 U.S.C. § 526(a)(4), and the appropriate amount of damages and relief allowed.

17. With respect to the actions of KEL, the claims asserted by CADWELL in this action are typical of the claims of the members of the Class because, upon information and belief, KEL uses standardized procedures when attempting to collect attorney's fees by charging credit cards prior filing Chapter 7 bankruptcy. The claims of CADWELL and of the Class originate from the same conduct, practice and procedure. CADWELL possesses the same interests and has suffered the same injuries as each Class Member. There are no individual facts which distinguish CADWELL from other Class Members that were the subject of KEL causing the class members to incur additional debt prior to filing Chapter 7.

18. With respect to the action, CADWELL will fairly and adequately represent and protect the interest of the members of the Class because they have no interest antagonistic to the

Class they seek to represent, and because the adjudication of their claims will necessarily decide the identical issues for other Class Members. Whether KEL's charging of a credit card for payment of Chapter 7 attorney's fees violates the Bankruptcy Code is an issue that will be decided for all other consumers with similar or identical claims. There is nothing peculiar about CADWELL's situation that would make the Plaintiff inadequate as class representative. CADWELL has retained counsel competent and experienced in bankruptcy, consumer protection and class action litigation.

19. With respect to the actions of KEL, a class action is superior to other methods for the fair and efficient adjudication of this controversy because the damages suffered by each individual Class Member will be relatively modest, compared to the burden and expense of copious individual litigation. It would be impracticable for each Class Member to seek redress individually for the wrongful conduct alleged herein because the cost of such individual litigation would be cost prohibitive as individual damages for each violation would be approximately $1,700.00. It would be difficult, if not impossible, to obtain counsel to represent plaintiffs on an individual basis for each small claim. More importantly, the vast majority of Class Members are not aware that the charging of a credit card to pay Chapter 7 attorney's fees violates the Bankruptcy Code, and a class action is the only viable means of adjudicating their individual rights. There will be no difficulty in the management of this litigation as a class action as the legal issues relate to a standardized pattern of conduct by KEL and class actions are commonly used in such circumstances.

## COUNT I – VIOLATIONS OF 11 U.S.C. § 526

20. This Count is brought by CADWELL for damages against KEL on behalf of the affected

class pursuant to 11 U.S.C. § 526.

21. That section prohibits a debt relief agency from advising an assisted person or prospective assisted person to ". . . incur more debt in contemplation of such person filing a case under this title or to pay an attorney or bankruptcy petition preparer a fee or charge for services performed as part of preparing for or representing a debtor in a case under this title." 11 U.S.C. § 526(a)(4).

22. KEL has intentionally and/or negligently violated the above prohibitions by charging a credit card of prospective debtors after the signing of a Chapter 7 retention agreement. Such violation includes both provisions which prohibit incurring more debt prior to the filing of the Chapter 7 and the payment of fees for attorney services through the incurring of more debt.

23. Based on the violation of the above prohibitions, the contract between CADWELL and KEL is void pursuant to 11 U.S.C. § 526(c)(1).

24. Based on the violation of the above prohibitions, KEL is liable for the return of all paid attorney's fees, actual damages and for attorney's fees for this class action pursuant to 11 U.S.C. § 526(c)(2).

25. Based on the violations of the above prohibitions, KEL has engaged in a clear and consistent pattern of violation section 526. Accordingly, KEL should be enjoined from such behavior and subjected to an appropriate civil penalty of at least $1,000,000.00 pursuant to 11 U.S.C. §526(c)(5).

26. CADWELL would request any other relief deemed appropriate by the Court as a result of the violations committed by KEL.

## RELIEF REQUESTED

WHEREFORE, CADWELL requests that this Court:

1. Void the Contract between CADWELL and KEL;

2. Certify the Class as to Count I and enter declaratory relief that the actions by KEL against the class members have violated 11 U.S.C. § 526;

3. Enter Injunctive relief as to Count I to prevent KEL from continuing to attempt to collect attorney's fees claims against the class members;

4. Award to the class members a return of all attorney's fees collected through credit card charges, actual damages and attorney's fees and costs for this action;

5. Award an appropriate civil penalty in excess of $1,000,000.00 for the continuing clear and consistent pattern of violations;

6. Award any other such relief as this Court deems necessary and just.

DATED this ___14___ day of April, 2016.

                                                                  Law Offices of Mickler & Mickler, LLP

                                                                  By: _____
                                                                    BRYAN K. MICKLER
                                                                    Attorney for Plaintiff(s)
                                                                    5452 Arlington Expressway
                                                                    Jacksonville, Florida 32211
                                                                    (904) 725-0822\FAX 725-0855
                                                                    Florida Bar No. 091790
                                                                    bkmickler@planlaw.com