**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION**

LOYD P. CADWELL,

        Plaintiff,

v.                                              Case No: 6:16-cv-662-Orl-40KRS

KAUFMAN, ENGLETT & LYND, PLLC,

        Defendant.
_____/

**<u>ORDER</u>**

Plaintiff Loyd P. Cadwell ("Cadwell") filed suit individually and on behalf of all others similarly situated against Defendant Kaufman, Englett & Lynd, PLLC ("KEL"), alleging violation of section 526(a)(4) of the Bankruptcy Abuse Prevention and Consumer Protection Act ("BAPCPA"). 11 U.S.C. § 526(a)(4). Before the Court is KEL's Motion to Dismiss, or in the Alternative, Motion to Strike. (Doc. 11). Cadwell responded in opposition to the motion (Doc. 14), and KEL replied (Doc. 19). Upon consideration and review, Defendant's Motion to Dismiss will be granted.

**I.    BACKGROUND**

The facts as alleged in the Complaint are as follows:

KEL is a law firm specializing in bankruptcy and other debt management. On January 4, 2016, Cadwell consulted with KEL regarding filing a Chapter 7 Bankruptcy Petition. (Doc. 1, ¶ 7). In anticipation of filing the Chapter 7 petition, Cadwell and KEL entered into a retainer agreement (the "Agreement"). (*Id.* ¶ 8). The Agreement contained a provision that required Cadwell to pay KEL $1,700.00 in attorney's fees, which were due prior to filing the petition. (*Id.* ¶ 9). The parties agreed to a fee schedule, which

required payment of an initial retainer of $250.00 on the date of retention, and an additional payment of $250.00 due on January 14, 2016. (*Id.* ¶ 10). After those initial two payments, Cadwell was required to make four additional payments of $300.00, due monthly from February through May 2016. (*Id.*). Cadwell claims that KEL "instructed Cadwell to pay the initial retainer and all subsequent payments by credit card." (*Id.*). Cadwell indeed charged each of the required payments to various credit cards. Cadwell now claims that the charges made to KEL "served to cause [Cadwell] to incur more debt in contemplation of filing the Chapter 7 based strictly on the advice of KEL." (*Id.* ¶ 11).

On April 18, 2016, Cadwell initiated this suit, claiming that KEL violated § 526(a)(4) of the BAPCPA by instructing Cadwell to pay for attorney's fees with credit cards. (*Id.* ¶ 22).

## II.     STANDARD OF REVIEW

A motion to dismiss made pursuant to Federal Rule of Civil Procedure 12(b)(6) tests the legal sufficiency of a plaintiff's complaint. In order to survive a motion to dismiss made under Rule 12(b)(6), a complaint must "state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). A claim is plausible on its face when the plaintiff alleges enough facts that "allow[] the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). The mere recitation of the elements of a claim are not enough and the district court need not give any credence to legal conclusions that are not supported by sufficient factual material. *Id.* District courts must accept all well-pleaded allegations within the complaint and any documents attached thereto as true and read the complaint

in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1484 (11th Cir. 1994) (per curiam).

### III. DISCUSSION

Section 526(a)(4) of the BAPCPA provides:

> A debt relief agency shall not . . . advise an assisted person or prospective assisted person to incur more debt in contemplation of such person filing a case under this title [of the Bankruptcy Code] or to pay an attorney or bankruptcy petition preparer a fee or charge for services performed as part of preparing for or representing a debtor in a case under this title.

11 U.S.C. § 526(a)(4). "[A]ttorneys who provide bankruptcy assistance to assisted persons are debt relief agencies within the meaning of the BAPCPA." *Milavetz, Gallop & Milavetz, P.A. v United States*, 559 U.S. 229, 239 (2010).

Cadwell claims that KEL, as a debt relief agency, "intentionally and/or negligently violated the above prohibitions by charging a credit card of prospective debtors after the signing of a Chapter 7 retention agreement." (Doc. 1, ¶ 22). KEL moves to dismiss the complaint, arguing that "[t]he mere advice to use credit cards to pay fees, without any accompanying improper motivation, does not create a cause of action under the first section of § 526(a)(4)."

The United States Supreme Court analyzed § 526(a)(4) in its decision in *Milavetz*. There, the Court adopted a narrow reading of the provision, determining that it prohibits behavior "designed to manipulate the protections of the bankruptcy system." 559 U.S. at 243. Specifically, the Court stated: "[W]e conclude that § 526(a)(4) prohibits a debt relief agency only from advising a debtor to incur more debt because the debtor is filing for bankruptcy, rather than for a valid purpose." *Id.* at 243.

The Court distinguished, however, between the advice prohibited under §526(a)(4) and prudent advice that debt relief agencies provide debtors contemplating filing for

3

bankruptcy. *Id.* at 245. The Court explained that "[i]t would make scant sense to prevent attorneys and other debt relief agencies from advising individuals thinking of filing for bankruptcy about options that would be beneficial to both those individuals and their creditors." *Id.* For example, advising a debtor "to refinance a mortgage or purchase a reliable car prior to filing because doing so will reduce the debtor's interest rates or improve his ability to repay is not prohibited." *Id.* at 248 n.6. Similarly, "[a]dvice to incur debt to buy groceries, pay medical bills, or make other 'purchases reasonably for the support or maintenance of the debtor'" is not prohibited. *Id.* In other words, § 526(a)(4) does not prohibit an attorney from advising a debtor to incur additional debt for a "valid purpose." *Id.* at 243.

    Cadwell disagrees with this interpretation, arguing that no improper purpose is needed to make a claim under § 526(a)(4). Instead, Cadwell submits that the correct test for a claim under § 526(a)(4) is merely "whether new debt is expected to be discharged in the Chapter 7 along with all other dischargeable debt." (Doc. 14, p. 4). This interpretation, however, was exactly the type of broad reading of the provision that the Supreme Court rejected in *Milavetz*. In fact, the Supreme Court predicated its finding that § 526(a)(4) is constitutional strictly on a narrow reading of the provision. *Milavetz*, 559 U.S. at 248 (explaining that "the language of the statute, together with other evidence of its purpose, makes this *narrow* reading of § 526(a)(4) not merely a plausible interpretation but a more natural one") (emphasis added). Accordingly, this Court rejects Cadwell's interpretation that no improper motive is needed to make a valid claim for violation of § 526(a)(4).

Instead, the Court finds that § 526(a)(4) prohibits a debt relief agency from advising a debtor to incur additional debt for an invalid purpose. Thus, the question before this Court is whether instructing a debtor to pay for attorney's fees with a credit card constitutes an invalid purpose under § 526(a)(4) sufficient to state a claim for relief.

It is customary for bankruptcy attorneys to expect compensation for legal services provided to debtors in contemplation of bankruptcy. *See, e.g., In re Hargis*, 895 F.2d 1025, 1026 (5th Cir. 1990) (holding that a law firm was "entitled to be paid in full" for services associated with a bankruptcy proceeding). Indeed, the BAPCPA contains specific provisions regulating a debtor's transactions with attorneys. *See* 11 U.S.C. § 329.[1] Moreover, in Florida, it is completely proper for an attorney to accept payment by credit card. Fla. R. Prof'l Conduct 4-1.5(h). Thus, without more, the mere advice to use credit cards to pay for legal fees does not violate the BAPCPA.

Other than claiming that KEL advised him to pay for legal services on his credit card, Cadwell alleges no facts that would allow this Court to infer that KEL acted with an improper purpose or with an intent to manipulate the bankruptcy system. Accordingly, the Court finds that Cadwell did not provide sufficient facts to state a claim for violation of § 526(a)(4).[2]

### IV. CONCLUSION

For the aforementioned reasons, it is **ORDERED AND ADJUDGED** as follows:

---

[1] 11 U.S.C. §329 provides, in part: "Any attorney representing a debtor in a case under this title, or in connection with such a case . . . shall file with the court a statement of the compensation paid or agreed to be paid."

[2] In its motion to dismiss, KEL also argues that § 526(a)(4) is unconstitutional under the First Amendment of the United States Constitution. Because the motion to dismiss will be granted on other grounds, the Court does not reach the constitutionality of the provision.

1. Defendant's Motion to Dismiss or in the Alternative Motion to Strike (Doc. 11) is **GRANTED**.
2. Plaintiff's Complaint (Doc. 1) is **DISMISSED**.
3. Plaintiff's Motion to Certify Class (Doc. 20) is **DENIED AS MOOT**.
4. The Clerk of Court is **DIRECTED** to close the file.

**DONE AND ORDERED** in Orlando, Florida on January 24, 2017.

PAUL G. BYRON
UNITED STATES DISTRICT JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties